D. DUANE COOK (admitted Pro Hac Vice)
duane@cookwatkins.com
JOHN M. SOSBE (admitted Pro Hac Vice)
john@cookwatkins.com
COOK & WATKINS, PLC
306 North Hamilton Street
Georgetown, Kentucky 40324
Telephone: (502) 570-4545
Facsimile:   (502) 570-0023

PEGGY M. O'LAUGHLIN (SBN 123284)
pmo@matteoni.com
BRADLEY M. MATTEONI (SBN 130958)
bradley@matteoni.com
MATTEONI, O'LAUGHLIN & HECHTMAN
848 The Alameda
San Jose, CA 95126
TEL: (408) 293-4300
FAX: (408) 293-4004

Attorneys for Plaintiff
JAMES G. COLLINS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **JAMES G. COLLINS**,<br><br>  Plaintiff,<br><br>v.<br><br>**COUNTY OF MONTEREY**, a government entity<br><br>  Defendant. | CASE NO. 5:19-CV-01214-NC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**<br><br>Hearing Date:  April 8, 2020<br>Time:           1:00 p.m.<br>Judge:          Hon. Nathaniel Cousins<br>Courtroom:  5; 4th Floor<br>Address:       280 South First Street<br>                      San Jose, CA 95113 |

Plaintiff, James Gary Collins, for his response in opposition to the motion to intervene filed Gwyn De Amaral, John Willsen, Tracy Leaton, Michael Leaton, Kelly Davidian, Marc Davidian, Shauna Proler, Ronny Proler and Fred Herring, as representative of the W.D. Guthie 1984 Trust (hereinafter "Applicants"), states as follows:

The Applicants include representatives of the De Amaral family whose interest is in preserving the Collins Property as the "Major Frank De Amaral Memorial Preserve." The remaining Applicants are owners or beneficial owners of property adjacent to or near the Collins Property. They purport to represent the interest and views of scores of Carmel Highlands residents and local civic and environmental groups that participated in the Planning Commission and Board of Supervisors hearings on Mr. Collins application to build a home on his property.

Applicants do not claim to own the 1967 Easement or the Collins Property, they claim instead to be intended beneficiaries of the Easement who "enjoy the 'natural scenic beauty' and open space the Easement created." Doc. 85 at p.5. "They have enjoyed the benefits of the scenic beauty and openness created by the easement for upwards of 50 years and they very much wish to preserve that status quo." Doc. 85 at p.6. However, this enjoyment and these desires do not amount to a "significantly protectable" interest relating to the property as is required for intervention as of right under FRCP 24(a)(2). Mr. Collins claims that the Easement is terminable unilaterally by the owner of the Collins Property under certain circumstances. Whether it is or not is a question of law for the Court and Applicants will have nothing to say about that. Their interests, like the interests of other people who prefer the status quo and their enjoyment of undeveloped land over the property rights of their neighbors are best addressed in the process created to adjust the competing interests of residents and competing desires about the make-up and look of their communities. In Monterey County that process (for those who would change the status quo) is comprehensive, lengthy, and expensive. It involves County employees in the Resource Management Agency, appointed members of the Planning Commission, and elected members of the Board of Supervisors, and the process is designed to take into account the interests of Applicants and those people with similar interests. In fact, Applicants have participated in the process. Applicants make clear that they seek intervention because they fear the outcome of that balancing of interests:

> The County has made it quite clear that it has little interest in the "natural beauty" or the pristine nature of this untouched property thus its "neutral position" with regard to validity. The Intervenors have an entirely different point of view. They

want the land left in its natural state, fully protected from this development application and others that will surely follow if the Easement no longer protects the property.

Doc. 85 at p. 7. That fear does not give Applicants a significantly protectable interest in the Collins Property.

Balanced against those who want to preserve the status quo, those who have built their homes and now want to pull up the ladder, are the constitutionally protected interests of Mr. Collins, who has owned the Collins Property and paid taxes on it for 26 years -while the Applicants enjoyed the undeveloped beauty of his property. Mr. Collins has gone through the process, has played by the Monterey County rules, and is before this Court because the Board of Supervisors, rather than render a decision about a contract to which the County is a party, held up Mr. Collins' development efforts while requiring him to file this quiet title action.[1]

Applicants do not have a sufficient interest in the Collins Property to intervene as of right. Nor can they reasonably contend that counsel for the County will not adequately protect any interest Applicants have in this case. So, far the County has succeeded in having Mr. Collins' constitutional claims dismissed and has defeated (at least for now) Mr. Collins' motion for summary judgment. Moreover, counsel for the County have indicted their intention to file in the near term a summary judgment motion of their own. Applicants can not satisfy the third element necessary under FRCP 24 to intervene as of right.

The Applicants should not be permitted to intervene under FRCP 24(b)(1)(B). This is now a simple case. It is hard to imagine a defense to Mr. Collins' quiet title action that can be raised by Applicants which has not already been raised by the County or which will be raised in the County's promised summary judgment motion. Applicants have identified no such defense. Applicants can properly protect their desire for the status quo before the local agencies set up for just that purpose.

---

[1] Incidentally, Mr. Collins will be required, under the development plan approved by the Monterey County Resource Management Agency, to limit his home to two acres and to grant the County a conservation easement (this time permanent) on the remaining 28 acres.

- 3 -
PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE
*Collins v. County of Monterey*     Case No. 5:19-CV-01214-NC

1 | The motion to intervene should be denied.

DATED: March 16, 2020

Respectfully submitted,

By: /s/ Peggy M. O'LaughlinBy: /s/D. Duane Cook
Peggy M. O'Laughlin (SBN 123284)D. Duane Cook, Esq.
Bradley M. Matteoni (SBN 130958)John M. Sosbe
MATTEONI, O'LAUGHLIN & HECHTMANCOOK & WATKINS, PLC
Attorneys for PlaintiffAttorneys for Plaintiff

ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5.1

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

By: /s/ Peggy M. O'Laughlin
 PEGGY M. O'LAUGHLIN

# CERTIFICATE OF SERVICE

**Case Name:**   *James G. Collins v. County of Monterey, et al.*

**Case No.:**   5:19-CV-01214-NC

**What document was served?**   PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE

**How was the document served?**   Via Email to LittWM@co.monterey.ca.us; BriggsBP@co.monterey.ca.us; and gary@garyfontana.com.

**To whom was the document sent?**   William M. Litt, Deputy County Counsel
Brian P. Briggs, Deputy County Counsel
County of Monterey
168 W. Alisal Street, Third Floor
Salinas, CA 93901-2653
*(Attorneys for Defendant County of Monterey)*

Gary L. Fontana
Law Offices of Gary L. Fontana
1120 Forest Avenue, Suite 244
Pacific Grove, CA 93950
*(Attorney for Intervenors Gwyn De Amaral, et al.)*

**When were the documents served?**   March 16, 2020

**Who served the documents?**   Carol Ann Bianco-Webb
848 The Alameda, San Jose, CA 95126

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

/s/ Carol Ann Bianco-Webb
Carol Ann Bianco-Webb